From a careful perusal of the record, viewing the evidence in its most favorable light for the prosecution, the accepted position on a motion of this kind, we are convinced that the case was properly submitted to the jury. No benefit would be derived from detailing the testimony of the several witnesses, as the principal question before us is whether it is sufficient to carry the case to the jury, and we think it is.

The exceptions relating to the admission and exclusion of evidence and those addressed to portions of the charge must all be resolved in favor of the validity of the trial.

The verdict and judgment will be upheld.

No error.

---

IRA BOYKIN, ADMINISTRATOR OF G. R. BOYKIN, v. E. I. DuPONT DE NEMOURS COMPANY AND W. H. NORDAN.

(Filed 23 March, 1927.)

APPEAL by plaintiff from *Bond, J.,* at October Term, 1926, of WAKE.

*Morris & Parker, Bart M. Gatling and W. F. Evans for plaintiff.*
*Biggs & Broughton for I. E. DuPont de Nemours Company.*

PER CURIAM. This case is controlled by the decision in *Batts v. DuPont de Nemours Company, ante,* 838. The judgment removing the cause to the United States District Court for the Eastern District of North Carolina is

Affirmed.

---

N. A. WILLIAMS v. SIMON GEDDIE.

(Filed 30 March, 1927.)

APPEAL by plaintiff from *Midyette, J.,* at September Term, 1926, of CUMBERLAND.

Independent action to set aside the verdict and judgment rendered in a former case between the same parties, the positions of plaintiff and defendant being reversed in the former suit.

Plaintiff bottoms his present action on the alleged misconduct of the defendant .in trying improperly to influence the jury in the former case. By consent, a jury trial was waived, and both sides agreed that the cause might be heard and determined by the judge without a jury.

The judge finds in his ninth finding of facts: "That no fraud was